**COMMERCIAL CREDIT CORPORATION et al., Appellants,**

v.

**Manuel MARTINEZ et ux., Appellees.**

No. 3867.

Court of Civil Appeals of Texas.

Waco.

June 1, 1961.

Rehearing Denied June 29, 1961.

Bryan & Patton, Houston, for appellants.

Kirchheimer & Kirchheimer, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment in favor of plaintiffs, upon a jury verdict, in an intersection collision case. Plaintiffs Silva and wife filed suit for damages to their automobile, and for medical and funeral expenses, and damages caused by the death of their son, Petronio Silva, Jr. Plaintiffs Martinez and wife sued for personal injuries sustained by Mrs. Martinez while a passenger in the Silva car. Defendant Commercial Credit Corporation's car, driven by defendant Sanders, was traveling east on Navigation Boulevard; the Silva car was traveling north on 76th Street; defendant's car smashed into the Silva car when defendant Sanders failed to stop for a stop sign. The Silva car was damaged; Petronio Silva, Jr. sustained injuries from which he died; and Mrs. Martinez was injured.

Trial was to a jury which, in answer to Special Issues, found:

1) The failure of defendant Sanders to stop at the stop sign was a proximate cause of the collision.

2) Defendant's driver was operating at an excessive speed.

3) Such was a proximate cause of the collision.

4) Defendant's driver failed to keep a proper lookout.

5) Such was a proximate cause of the collision.

6) Plaintiff Lucy Silva's act of driving her car on the left hand side of North 76th Street was negligence.

6A) Such was not a proximate cause of the collision.

7) Plaintiff Lucy Silva's failure to turn her car to the right was not negligence.

9) Plaintiff Lucy Silva's failure to apply her brakes was not negligence.

11) Plaintiff Lucy Silva did not fail to make such application of her brakes as an ordinarily prudent person would have.

13) Plaintiff Lucy Silva's failure to sound her horn was not negligence.

15) Plaintiff Lucy Silva did not fail to keep a proper lookout.

19) Plaintiff Lucy Silva did not drive at an excessive rate of speed.

21) The collision was not the result of an unavoidable accident.

22) Damages to plaintiffs Martinez for personal injuries were $10,650.

23) & 24) Damages to plaintiffs Silva for funeral expenses of Petronio Silva, Jr. were $1,355.

25) The death of Petronio Silva, Jr. did not result solely from a body condition existing before the accident.

26) Damages to plaintiffs Silva for death of Petronio Silva, Jr. were $15,000.

On the foregoing verdict the Trial Court rendered judgment for plaintiffs

Defendant appeals on 30 points which basically contend: 1) plaintiff Lucy Silva was guilty of negligence as a matter of law which proximately caused the collision; 2) there is no evidence, or insufficient evidence, to support the jury's answers to Issues 6A, 7, 9, 11 and 15; 3) the Trial Court erred in refusing to submit issues on discovered peril; 4) the Trial Court erred in granting a new trial on account of jury misconduct.

■ Defendant's 1st contention is that plaintiff Lucy Silva was guilty of contributory negligence as a matter of law because she was on the left side of North 76th Street turning into Navigation at the time of the collision. Mrs. Silva was preparing to turn to her left and proceed west on Navigation Blvd. She had crossed the center line of North 76th Street at the time of the collision. At this point defendant, failing to stop at an intersection stop sign, smashed into her.

Mrs. Silva testified on cross examination by Mr. Bryan, defendant's counsel, as follows:

"Q. Now, there is another question I want to ask you Mrs. Silva, that is this, if you had kept your car on the right hand side of North 76th Street there wouldn't have been any collision, would there? A. How would I have made the left turn?

"Q. I am not arguing the point with you.

"The Court: He is asking the question.

"Q. If you had your car on the right side of North 76th there would not have been a collision? A. There wouldn't have been any.

"Q. Never would have been a collision, would there? A. No."

Mrs. Silva was proceeding as she had a right to do in making a left turn. Defendant smashed into her when he did not stop at a stop sign at which he was required to stop. The collision would not have occurred if Mrs. Silva had not been in the City of Houston. We cannot say as a matter of law that Mrs. Silva was guilty of negligence proximately causing the collision, or that she has by her admissions convicted herself of such. The foregoing testimony is just not subject to the construction which defendants place on it—or in any event, such is a jury issue which has been resolved against defendants.

■ Defendants' 2nd complaint is that there is no evidence, or insufficient evidence, to support the jury's findings to issues 6A, 9, 11 and 15. These issues found: 6A) that plaintiff Silva's turning to the left was not a proximate cause of the collision; 9) 11) that plaintiff Silva's failure to apply her brakes was not negligence; and 15) that plaintiff Silva did not fail to keep a proper lookout. The foregoing are jury questions and we think from the record before us that there is ample and sufficient evidence to sustain the jury's findings, and further that such findings are not against the great weight and preponderance of the evidence.

Defendants' 3rd contention is that the Trial Court erred in refusing to submit issues on discovered peril. Such issues were not plead by the defendants. The Trial

Court, within its discretion, refused a tendered trial amendment pleading same. The evidence does not raise same. The defendants did not raise such point in their motion for new trial.

Finally, defendant complains of 3 instances of alleged jury misconduct: 1) where one juror advised the jury that it was improper to consider their own observations of one of the plaintiff's physical condition made during the course of the trial; 2) where one juror told other jurors that he himself suffered pain which could not be observed; 3) where one juror mentioned insurance.

The Trial Court heard the complaints of alleged jury misconduct on Motion for New Trial and overruled same; and the record on Motion for New Trial is before us. In the 1st and 2nd instances, a juror, Mrs. Prappas, mentioned that from her observation plaintiff Martinez was not badly hurt. Juror Young admonished her that the jury must go by the evidence. In that connection Juror Young further stated "Do I look like I am hurt?", and then added, "Well I am; arthritis."

In the 3rd instance, a juror, Mrs. Prappas, mentioned that the defendant Commercial Credit Corporation probably had insurance, and that insurance rates would go up if the jury gave plaintiff Martinez the money she was asking for. The record reflects that the foreman admonished the jury to base their opinion on the evidence, and insurance was not discussed any more. Defendant makes no complaint that the amount awarded Mrs. Martinez was excessive. Mrs. Martinez was in the hospital 8 days; was unconscious; her leg was injured and she couldn't walk; she had pain in her leg, back, arm, head, and ribs. After a year she has pain in her hips and leg; cannot sleep, or do house work.

■ In order to grant a new trial on the ground of alleged jury misconduct: 1) such misconduct must be proved; 2) such must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering, 150 Tex. 140, 237 S.W.2d 615; Mrs. Baird's Bread Co. v. Hearn, 157 Sup. 159, 300 S.W.2d 646.

■ The record before us fails to reflect that any juror was influenced in any manner by any of the offending statements. The burden on defendant to show probable prejudice has therefore not been met. Moreover, from the record as a whole we cannot say that the claimed misconduct, if misconduct, probably caused injury to the defendant. See also Rules 434 and 503, T. R.C.P.

All of defendants' points and contentions are overruled and the judgment of the Trial Court is affirmed.